UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM J. MCELROY,<br><br>            Plaintiff,<br><br>      v.<br><br>VITALANT,<br><br>            Defendant. | Case No. 25-cv-02996-RS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND** |

Kim McElroy, on behalf of herself and a putative class of similarly situated individuals, sued Vitalant for various violations of the California Labor Code and the California Business and Professions Code. Vitalant moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) or, in the alternative, to strike under Rule 12(f) and Rule 23(d)(1)(D). Because the complaint fails to allege facts sufficient to make any of the asserted violations plausible, Vitalant's motion for judgment on the pleadings is granted with leave to amend, and its motion to strike is denied as moot. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for October 2, 2025, is vacated.

**I. BACKGROUND**

Kim McElroy is a former employee of Vitalant, a nonprofit blood donation organization. On behalf of herself and others similarly situated, McElroy sued Vitalant in California state court, asserting eleven causes of action under various California wage and hour laws. *See* Dkt. 1, Ex. E (FAC). After answering McElroy's amended complaint, Vitalant removed the case to federal district court under the Class Action Fairness Act, 28 U.S.C. § 1453. *See* Dkt. 1. Vitalant now

moves for a judgment on the pleadings or, in the alternative, to strike. *See* Dkt. 19.

## II. DISCUSSION

### A. Legal Standard

"After pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is warranted when the alleged facts, taken as true and construed in the light most favorable to the non-moving party, entitle the moving party to a judgment as a matter of law. *See Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 n.2 (9th Cir. 1992).

The legal standard governing a motion for judgment on the pleadings under Rule 12(c) is substantially identical to that governing a motion to dismiss under Rule 12(b)(6). *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Therefore, the question is whether the complaint alleges sufficient facts which, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory statements or formulaic recitations of the elements of a claim are not sufficient. *See Chavez*, 683 F.3d at 1108. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Assessing facial plausibility is a context-sensitive task that requires judicial experience and common sense. *Id.* at 679.

### B. Discussion

#### i.    *Claims One and Two: Failure to Provide Meal and Rest Periods*

McElroy alleges that Vitalant violated California law by requiring her and the putative class members to work more than five hours per day without providing a 30-minute meal period and to work more than four hours without permitting a ten-minute rest period. *See* California Labor Code §§ 226.7, 512(a). Specifically, McElroy alleges that Vitalant had a "common policy and practice" of denying her and the putative class members the opportunity to take meal and rest breaks "due to understaffing, heavy workloads, and uncompensated pre-shift duties," which included Covid-19 testing and vaccinations and required communications with supervisors. *See*

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 25-cv-02996-RS

2

FAC ¶¶ 20, 24.

McElroy's complaint is devoid of any detail that would make plausible her claim that Vitalant systematically denied her and the putative class members meal and rest breaks. Aside from vague references to "understaffing" and "heavy workloads," the complaint fails to explain what precisely impeded her ability to take meal and rest breaks. McElroy does not identify a single, specific instance in which she was denied a meal or rest break, nor does she detail how often she was denied meal and rest breaks, who denied her the breaks, or what she was required to do during the time she should have been given off. As courts routinely find, this dearth of detail precludes an inference, at this stage, that Vitalant required McElroy to work when she should have been eating or resting. *See, e.g.*, *Miranda v. Am. Nat'l Red Cross*, 2022 WL 22860766, at *2 (N.D. Cal. Sept. 7, 2022) (granting motion to dismiss where "the First Amended Complaint lacks sufficient facts describing any interruptions to support a reasonable inference that Defendant required Plaintiff to perform work during her breaks"); *Suarez v. Bank of Am. Corp.*, 2018 WL 2431473, at *6 (N.D. Cal. May 30, 2018) (granting motion to dismiss meal and rest break claims where plaintiff "d[id] not identify who interrupted [her] breaks" and "d[id] not offer any details as to what these interruptions entail[ed], nor d[id] she describe what kind of work or tasks she performed during her breaks").

McElroy's reliance on *Huynh v. Jabil Inc.*, 2023 WL 1802417 (N.D. Cal. Feb. 7, 2023), is misplaced. There, the plaintiff survived a motion to dismiss on his meal and rest break claims by alleging "with specificity how [his employer] actively impeded his ability to take his meal breaks: [his] supervisors (i) requested work from him during purported breaks and (ii) failed to schedule a second break for him and putative class members on shifts expending longer than ten hours." *Id.*, at *5. As explained, McElroy has not alleged anything "with specificity." *Id.* Thus, unlike in *Huynh*, McElroy has not done enough to create an inference that Vitalant failed to compensate her for meal and rest periods.

      ii.      *Claim Three: Failure to Pay Hourly and Overtime Wages*

McElroy alleges that Vitalant violated California law by requiring that she and the putative

class members perform certain off-the-clock tasks without compensation. In particular, she alleges that Vitalant required its employees to undergo Covid-19 testing and vaccinations, prepare for their shifts by communicating with supervisors, assist Shift Team Leaders with various work-related tasks, attend weekly training sessions, and submit to physical examinations on the weekends to comply with Department of Transportation licensing requirements—all without pay. FAC ¶ 20. According to the complaint, these extra responsibilities caused McElroy and the putative class members to work more than eight hours per day and forty hours per week. *See id.*, ¶ 21.

These allegations are insufficient to state a claim for failure to pay overtime. While the complaint identifies off-the-clock work that *could* nudge the number of hours worked over the overtime threshold, the allegation that it did so is entirely conclusory. *See* FAC ¶ 21 ("This uncompensated time caused Plaintiff and Class members to work in excess of eight (8), ten (10), and/or twelve (12) hours a day and/or forty (40) hours a week."). While wage and hour plaintiffs need not allege the number of hours worked with "'mathematical precision' . . . they should be able to allege facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Landers v. Quality Comms. Inc.*, 771 F.3d 638, 646 (9th Cir. 2014) (quoting *Dejesus v. HF Management Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)). By failing to offer any detail regarding the extra work—such as how often it was required and how long it took—or any detail regarding her standard work schedule, McElroy has not done enough to permit an inference that she ever worked more than forty hours in a workweek without being appropriately compensated. Therefore, her claim for overtime wages cannot proceed.

Her claim for nonpayment of minimum hourly wages fares no better. Under *Landers*, McElroy must plead facts supporting an inference that there was at least one workweek in which she was not compensated for work she performed. *See* 771 F.3d at 646. While the complaint identifies certain tasks that she allegedly had to perform, it fails to provide any detail about when or for how long she was required to perform those tasks. *See Rubalcaba v. R&L Carriers Shared*

*Servs., L.L.C.*, 2024 WL 1772863, at *10 (N.D. Cal. Apr. 23, 2024) (dismissing minimum wage claim because "Plaintiff [did] not allege anything about his role or roles while employed by Defendant, let along any specific instances of incorrectly tabulated wages"). On that point, this case resembles *Ramirez v. HV Glob. Mgmt. Corp.*, 2022 WL 2132916 (N.D. Cal. June 14, 2022). There, the plaintiff alleged that his employer failed to compensate him for the additional hours he spent "providing customer service" to clients. *Id.*, at *3. The court determined that "providing customer service" was "a far too generic allegation (1) to establish that there was at least one workweek in which [the plaintiff] was not compensated for [regular hours worked] or (2) to provide sufficient detail about the length and frequency of unpaid work." *Id.* So too here. McElroy identifies some broad categories of work that she allegedly had to perform, but she provides no detail about the length, frequency, or nature of that work that would permit an inference that Vitalant violated the law.

### iii. McElroy's Remaining Non-Derivative Claims

McElroy's fourth cause of action alleges that Vitalant violated California law by failing to pay McElroy and the putative class members for time they spent on the job waiting to be assigned work. FAC ¶ 84. This allegation is entirely conclusory. McElroy does not identify a single instance of her or anyone else being called to report without being put to work. This failure appears to stem from a misunderstanding of her pleading burden. It may be, as McElroy argues, that she need only allege that Vitalant had an illegal policy that she was subject to, but she nonetheless needs substantiate that allegation with specific facts that make the existence of that policy and its application to her plausible instead of just possible. She cannot do that by simply saying that the policy exists.

McElroy's other non-derivative claims suffer from the same defect. Her fifth cause of action—failure to pay vacation wages—alleges the implementation of an illegal policy without alleging any facts that would substantiate the existence of that policy. *See* FAC ¶ 34 ("Defendants also had a common policy and practice of systematically failing to pay Plaintiff and Class Members the requisite and accrued vacation time in accordance with California law.").

1  McElroy's eighth cause of action alleges that Vitalant failed to indemnify her for certain
2  business expenses such as medical scrubs, personal protective gear, and necessary medical
3  examinations. *See* FAC ¶ 112. Here too, McElroy fails to identify a single instance in which she
4  incurred those expenses at Vitalant's direction. In that regard, this is case resembles *Franke v.*
5  *Anderson Merchandisers LLC*, 2017 WL 3224656, at *7 (C.D. Cal. July 28, 2017). There,
6  plaintiff's claim that her employer failed to reimburse her for certain expenses—including use of a
7  personal phone for business purposes, use of a personal vehicle for business purposes, and the
8  expense of complying with the employer's dress code—was dismissed because the plaintiff
9  "fail[ed] to provide a single instance when such a cost was incurred." *Id.* Lacking "facts regarding
10 the nature of [the plaintiff's] position—or of the expenses," the court there could not "reasonably
11 infer these expenses were necessary for business purposes." *Id.* A comparable deficiency here
12 produces a comparable result: McElroy's pleadings are insufficient to create an inference that she
13 incurred expenses for which Vitalant failed to provide reimbursement.

14 McElroy's final non-derivative cause of action alleges that Vitalant violated California law
15 by paying her and the putative class members with "pay cards" that were usable only for a fee.
16 FAC ¶ 117. However, McElroy has not alleged that *she* was ever denied the opportunity to access
17 her wages for free. *See Christie v. Tuesday Morning, Inc.*, 2015 WL 12762065, at *4 (C.D. Cal.
18 Mar. 2, 2015) (dismissing identical claim for that reason). She, therefore, has not plausibly alleged
19 a violation of the California Labor Code.

20       *iv.*    *Derivative Claims: Claims Six, Seven, Ten, and Eleven*

21 McElroy brings four causes of action that depend on her insufficiently pled substantive
22 claims. First, claim six alleges that Vitalant failed to provide her and the putative class members
23 with accurate written wage statements. FAC ¶ 95. The parties agree that claim is derivative of the
24 substantive failure-to-pay claims; that is, an employer cannot be held liable for failure to itemize
25 wages that it was never obligated to pay. *See Naranjo v. Spectrum Sec. Servs., Inc.*, 547 P.3d 980,
26 990–91 (Cal. 2024). Because those failure-to-pay claims (claims one through three) are
27 insufficiently pled, the claim for failure to provide accurate written wage statements fails as well.

Second, claim seven alleges that Vitalant failed to pay all final wages in a timely manner. FAC ¶ 104–05. The parties agree that this claim is also derivative of the substantive failure-to-pay claims. There can be no failure to pay wages on time if there was no failure to pay them in the first place. *See Frausto v. Bank of Am., Nat'l Ass'n*, 2018 WL 3659251, at *6 (N.D. Cal. Aug. 2, 2018). Because the substantive failure-to-pay claims are insufficiently pled, the claim for failure to timely pay all wages owed fails as well.

Third, claim ten alleges that Vitalant engaged in "unfair competition" under the California Business and Professions Code. FAC ¶ 128. The parties agree that this claim is derivative of McElroy's other allegations, too.[1] *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 644 (2008) ("By proscribing 'any unlawful' business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." (internal quotation marks omitted)). Because the other legal violations that McElroy asserts do not survive Vitalant's motion for judgment on the pleadings, the claim for unfair competition does not either.

Finally, McElroy seeks to prosecute a representative civil action against Vitalant for the various wage and hour violations alleged under the Private Attorneys General Act (PAGA), Lab. Code §§ 2698, *et seq.* However, McElroy cannot maintain a representative action under PAGA if the predicate claims are insufficiently pled. *See Guerra v. OS Rest. Servs., LLC*, 2024 WL 3995329, at *4 (N.D. Cal. Aug. 28, 2024) (treating PAGA claim as derivative of the substantive wage and hour claims).

### III. CONCLUSION

For the foregoing reasons, Vitalant's motion for judgment on the pleadings is granted. McElory is given leave to amend to cure the pleading deficiencies identified above. Vitalant's motion to strike is denied as moot. Any amended complaint must be filed within 21 days of the

---

[1] Because McElroy's unfair competition claim fails due to the deficiency of the underlying claims on which it relies, there is no need to address Vitalant's argument that McElroy cannot assert an unfair competition claim because she does not lack a legal remedy.

date of this order.

**IT IS SO ORDERED**.

Dated: September 29, 2025

_____
RICHARD SEEBORG
Chief United States District Judge