**D.LAW, INC.**
David Yeremian (SBN 226337)
d.yeremian@d.law
David Keledjian (SBN 309135)
d.keledjian@d.law
Elizabeth Harrier (SBN 319550)
e.harrier@d.law
450 N. Brand Blvd.
Glendale, CA 91203
Telephone: (818) 962-6465
Facsimile: (818) 962-6469

Attorneys for Plaintiff KIM J. MCELROY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM J. MCELROY, on behalf of herself and all others similarly situated, and the general public,<br><br>*Plaintiff*,<br><br>v.<br><br>VITALANT, an Arizona corporation and DOES 1 through 50, inclusive,<br><br>*Defendants*. | Case No.: 3:25-cv-02996 - RS<br><br>**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br>1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);<br>2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);<br>3. Failure to Pay Hourly Wages and Overtime (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1197.1 and 1198);<br>4. Failure to Pay Proper Reporting Time Wages;<br>5. Failure to Pay Proper Vacation Wages (Lab. Code § 227.3);<br>6. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));<br>7. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);<br>8. Failure to Indemnify (Lab. Code § 2802);<br>9. Failure to Pay Wages Due, Negotiable and Payable in Cash on Demand (Lab Code §§ 212 and 213); and<br>10. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*)<br>11. Civil Penalties (Lab. Code § 2698, *et seq.*)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff KIM J. MCELROY ("Plaintiff"), on behalf of herself, all others similarly situated, the State of California, and the general public, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class and representative against Defendants VITALANT an Arizona corporation and DOES 1 through 50, inclusive, (collectively referred to as "Defendants") for alleged violations of the California Labor Code and California Business and Professions Code. As set forth below, Plaintiff alleges that Defendants have:

a.    failed to pay them overtime wages at the correct rate;

b.    failed to pay them double time wages at the correct rate;

c.    failed to provide them with meal periods;

d.    failed to provide them with rest periods;

e.    failed to pay them premium wages for missed meal and rest periods;

f.    failed to pay them proper reporting time pay;

g.    failure to pay proper vacation wages;

h.    failed to provide them with accurate written wage statements;

i.    failed to pay wages due, negotiable and payable in cash on demand;

j.    failed to reimburse them with necessary business expenditures;

k.    failed to pay them all their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class and representative to recover unpaid wages, liquidated damages, civil and statutory penalties, restitution, and related relief on behalf of herself, all others similarly situated, the State of California, and the general public.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants' conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

3.    Venue is proper in the County of Napa County, and in the United States Court, for the Norther District of California, pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that

1

liability arose this county because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business and/or has an agent therein.

4.    Venue is proper in Napa County because Defendants have at all times alleged herein, conducted business in Napa County, and throughout California. As such, venue is proper in any county in California.

5.    Furthermore, Defendants have removed this matter under the Class Action Fairness Act (see ECF 1 on file herein).

## **PARTIES**

6.    Plaintiff KIM J. MCELROY is, and at all relevant times mentioned herein, an individual residing in the State of California.

7.    Plaintiff is informed and believes, and thereupon alleges that Defendant VITALANT is, and at all relevant times mentioned herein, an Arizona corporation doing business in the State of California.

8.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

9.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, joint employers, owners, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent, and ratification by such other defendants.

10.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

11.    This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23, because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

12.    **Relevant Time Period**:  The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

a.    **Hourly Employee Class**:  All persons employed by Defendants, collectively or separately, and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California four years prior to the filing of this action and ending on the date that final judgment is entered in this action ("Hourly Employee Class").

b.    **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a shift in excess of five hours during the four years prior to the filing of this action and ending on the date that final judgment is entered in this action.

c.    **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours the four years prior to the filing of this action and ending on the date that final judgment is entered in this action.

d.    **Reporting Time Pay Sub-Class:**  All **Hourly Employee Class** members who were required to call in or otherwise show up to work without being paid half of their usual or scheduled day's work from four years prior to the filing of this action and ending on the date that final judgment is entered in this action.

e.    **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

f.    **Vacation Pay Class**:  All persons employed by Defendants in California who earned paid vacation time and/or paid time off without receiving compensation for all vested paid vacation time during the **Relevant Time Period**.

g.    **Wage Statement Class**:  All persons employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

h.    **Pay Card Class:** All persons employed by Defendants in California, who were paid by pay card (or similar means) at any time during the **Relevant Time Period**.

///

i.  **Expense Reimbursement Class:**  All persons employed by Defendants in California who incurred business expenses during the **Relevant Time Period**.

j.  **UCL Class**:  All **Hourly Employee Class** and **Expense Reimbursement Class** members employed by Defendants in California during the four years prior to the filing of this action and ending on the date that final judgment is entered in this action.

13.    **Reservation of Rights**: Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

14.    **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

15.    **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

a.  Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

b.  Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

c.  Whether Defendants failed to pay premium wages to class members when they have not been provided with meal and rest periods at the appropriate rates of pay;

d.  Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

e.  Whether Defendants maintained a policy or practice of failing to pay proper reporting time pay;

f.  Whether Defendants failed to pay proper vacation wages;

g.  Whether Defendants failed to pay wages due, negotiable and payable in cash on demand;

h.  Whether Defendants failed to provide class members with accurate written wage

4

statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

i.   Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

j.   Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

k.   Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203; and

l.   Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

16.   **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes, and thereupon alleges that Defendants have a policy or practice of failing to comply with the California Labor Code and Business and Professions Code as alleged in this Complaint.

17.   **Adequacy of Class Representative:** Plaintiff is an adequate class representative and has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

18.   **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

19.   **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts

1 | due to many individual class members are likely to be relatively small and would thus make it

2 | difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a

3 | class action will serve an important public interest by permitting class members to effectively pursue

4 | the recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent

5 | or contradictory judgments inherent in individual litigation.

6 | **GENERAL ALLEGATIONS**

7 | 20.    Plaintiff worked for Defendants as a non-exempt employee during the relevant and

8 | statutory periods.

9 | 21.    Defendants had a common policy and practice of systemically failing to pay Plaintiff

10 | and Class Members proper wages and overtime for all hours worked. Plaintiff and Class Members

11 | were consistently required to perform work, off-the-clock, for which they were not paid wages.

12 | Specifically, Plaintiff and Class Members were required to undergo Covid-19 related testing off-the-

13 | clock, such as: taking their temperatures at home prior to clocking into work, undergoing a Covid-19

14 | questionnaire over the phone if their temperature was above 99.5 degrees Fahrenheit, undergoing

15 | Covid-19 testing at Kaiser Permanente off-the-clock, and receiving Covid-19 vaccinations off-the-

16 | clock.

17 | 22.    Moreover, prior to clocking into work, Plaintiff and Class Members were required to

18 | wait to clock in at timeclocks and performed off-the-clock work under Defendants' control such as

19 | getting ready for their shift or communicating with supervisors. Furthermore, after clocking out of

20 | their shifts, Plaintiff and Class Members were required to help Shift Team Leaders with various work-

21 | related tasks without a consistent protocol for time-adjustments. Finally, Plaintiff and Class Members

22 | were required to undergo physical examinations off-the-clock on the weekends for required

23 | Department of Transportation licensing. The forgoing and uncompensated working time was under

24 | the direction and control of Defendants, for which no wages were paid. Defendants had the forgoing

25 | policies and procedures in place with the ostensible intent of paying Plaintiff and Class members only

26 | for the hours they were scheduled to work, rather than the hours they were actually under Defendants'

27 | control.

28 | ///

23.     This uncompensated time caused Plaintiff and Class Members to work in excess of eight (8), ten (10) and/or twelve (12) hours a day and/or forty (40) hours a week, entitling Plaintiff and Class Members to minimum and overtime wages, which they were systemically denied.

24.     As an example, Plaintiff was required to undergo mandatory vaccinations on 10/10/2022.  Plaintiff worked in excess 40 hours week for the pay period beginning on 10/9/2022 and ending on 10/22/2022. As such, the uncompensated off-the-clock work, discussed above, including the mandatory vaccinations, all resulted in not only unpaid minimum wages, but unpaid overtime wages as well.

25.     Defendants had a common policy and practice of systemically denying Plaintiff and Class Members the opportunity to take meal periods in compliance with the California Law. Specifically, due to understaffing, heavy workloads, and the uncompensated pre-shift duties, discussed herein, Plaintiff and Class Members were denied the opportunity to take timely meal periods prior to the completion of their fifth hour of work. Moreover, Plaintiff was required to self-screen for COVID-related symptoms prior to clocking into work, this included taking her own temperature, complete a detailed questionnaire and, if necessary, call Defendant's COVID Hotline for further instructions. This uncompensated pre-shift work caused Plaintiff and Class Members' meal periods to commence after the completion of their fifth hour of work.

26.     Plaintiff and Class Members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) no formal written meal policy that encouraged employees to take their meal periods, or that advised Class Members of their meal and rest period rights; and (3) Defendants' practice of requiring putative class members to continue working through their meal and rest periods due to the excessive workload.

27.     Defendants had a common policy and practice of systemically denying Plaintiff and Class Members the opportunity to take rest periods in compliance with the California Law. Plaintiff and Class Members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift, including second rest breaks for shifts of six (6) hours or more; (2)

no formal compliant written rest period policy that encouraged employees to take their rest periods, or that properly advised Plaintiff and Class Members of their rest period rights; and (3) Defendants' policy and practice of requiring putative class members to continue working through their rest breaks due to the excessive workload. Moreover, Plaintiff was required to self-screen for COVID-related symptoms prior to clocking into work, this included taking her own temperature, complete a detailed questionnaire and, if necessary, call Defendant's COVID Hotline for further instructions. This uncompensated pre-shift work caused Plaintiff and Class Members' rest breaks to commence after 3.5, 6, and 10 hours of work.

28.    Furthermore, Defendants failed to pay Plaintiff and Class Members premium pay wages at their appropriate regular rates of pay for each meal and rest period denied.

29.    Defendants also had a common policy and practice of failing to pay Plaintiff and Class Members all reporting time pay to which they were entitled under California Law. Specifically, Plaintiff and Class Members were required to call in or otherwise show up to work without being paid half of their usual or scheduled day's work.

30.    Plaintiff and Class Members were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226. Specifically, Defendants failed to issue wage statements as "a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing." Additionally, the wage statements issued to Plaintiff and Class Members were not recorded in "ink or other indelible form."

31.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

32.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

33.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

///

34.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

35.     Furthermore, Defendants failed to provide Plaintiff and Class Members with paper pay stubs as required by Labor Code § 226, applicable Wage Orders, and DLSE Opinion Letters. Plaintiff's and Class Members' wage statement were only provided in electronic format in violation of Labor Code § 226.

36.     Plaintiff and Class Members were not reimbursed for business expenses incurred in executing their duties under Defendant's employ. Specifically, Plaintiffs and Class Members were required to use their personal cell-phones for necessary work-related duties such as communicating with supervisors and co-workers and navigating to work sites. Additionally, Plaintiff and Class Members were required to purchase uniforms, such as medical scrubs, maintain their uniforms, and purchase protective gear such as N-95 masks. Furthermore, Plaintiff and Class Members were required to undergo examinations through the Department of Transportation, which were necessary to perform certain work duties, and had to pay out of pocket for these examinations. Defendants did not reimburse Plaintiff and Class Members for these necessary work-related expenses.

37.     Defendants also had a common policy and practice of systemically failing to pay Plaintiff and Class Members the requisite and accrued vacation time pay in accordance with California Law. Specifically, Plaintiff and Class Members accrued vested vacation time and/or paid time off. However, Defendants failed to pay all accrued vacation time and/or paid time off owed to Plaintiff and Class Members upon their separation from employment.

38.     Defendants failed to pay Plaintiff and Class Members with an order, check, draft, note, memorandum, or other acknowledgment of indebtedness that was payable on demand, without discount at some established place of business in the state. Defendants' issued pay cards to Plaintiff and Class Members for wages earned. These pay cards were useable for a fee and did not have a provision for use and payment in California at no cost to the employee. Specifically, Plaintiff was charged a fee for using this company-issued pay card to access her wages owed. Therefore,

9
SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Defendants failed to provide Plaintiff and Class Members with checks, drafts, notes or other acknowledgements of indebtedness that were payable on demand without discount as required by Labor Code § 212, which required Plaintiff and Class Members to incur fees to use, was not fully cashable, and not usable at all financial institutions.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Lab. Code §§ 226.7, 512, 1174, and 1198)**

**(Plaintiff and Meal Period Sub-Class)**

39.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

40.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

41.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

42.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

43.    Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

44.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

45.    Section 11 of the applicable Wage Order states:

No employer shall employ any person for a work period of more than

five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

46.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

47.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 and the applicable Wage Order. Specifically, due to understaffing, heavy workloads, and the uncompensated pre-shift duties, discussed herein, Plaintiff and **Meal Period Sub-Class** members were denied the opportunity to take timely meal periods prior to the completion of their fifth hour of work. Moreover, Plaintiff was required to self-screen for COVID-related symptoms prior to clocking into work, this included taking her own temperature, complete a detailed questionnaire and, if necessary, call Defendant's COVID Hotline for further instructions. This uncompensated pre-shift work caused Plaintiff and **Meal Period Sub-Class** Members' meal periods to commence after the completion of their fifth hour of work.

48.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

49.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten (10) or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

///

50.    Moreover, Defendants written policies fail to inform Meal period Class Members of their meal period rights under the Labor Code and applicable Wage Orders.

51.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

52.    Pursuant to Labor Code section 204, 218.6, 226.7 and 512, Plaintiff, on behalf of herself and the **Meal Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

53.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the **Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

<u>**SECOND CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

54.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

55.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

56.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten (10) minutes of net rest time for each four (4) hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

57.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

58.    Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

59.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

60.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten (10) uninterrupted minutes for each four (4) hour work period, or major fraction thereof, as required by the applicable Wage Order.

61.    Plaintiff and **Rest Period Sub-Class** members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift, including second rest breaks for shifts of six (6) hours or more; (2) no formal compliant written rest period policy that encouraged employees to take their rest periods, or that properly advised **Rest Period Sub-Class** members of their rest period rights; and (3) Defendants' policy and practice of requiring **Rest Period Sub-Class** members to continue working through their rest breaks due to the excessive workload. Moreover, Plaintiff was required to self-screen for COVID-related symptoms prior to clocking into work, this included taking her own temperature, complete a detailed questionnaire and, if necessary, call Defendant's COVID Hotline for further instructions. This uncompensated pre-shift work caused Plaintiff and **Rest Period Sub-Class** Members' rest breaks to commence after 3.5, 6, and 10 hours of work.

62.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

63.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself and **Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

64.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Rest Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiff and Hourly Employee Class)**

65.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

66.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

67.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

68.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

69.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

70.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

71.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

72.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

///

73.  Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

74.  Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

75.  Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

76.  Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half (1.5) times their respective regular rates of pay for all hours worked in excess of eight (8) hours in one workday, all hours worked in excess of forty (40) hours in one workweek, and/or for the first eight (8) hours worked on the seventh consecutive day of one workweek.

77.  Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two (2) times their respective regular rates of pay for all hours worked in excess of twelve (12) hours in one workday and for all hours worked in excess of eight (8) hours on a seventh consecutive workday during the workweek.

78.  Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to her and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

79.  At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

80.  Plaintiff and **Hourly Employee Class** members were not paid proper wages and overtime for all hours worked, at the proper rates of pay. Specifically, Plaintiff and **Hourly Employee Class** members were required to undergo Covid-19 related testing off-the-clock, such as: taking their temperatures at home prior to clocking into work, undergoing a Covid-19 questionnaire over the phone if their temperature was above 99.5 degrees Fahrenheit, undergoing Covid-19 testing at Kaiser

Permanente off-the-clock, and receiving Covid-19 vaccinations off-the-clock. Moreover, prior to clocking into work, Plaintiff and **Hourly Employee Class** members were required to wait to clock in at timeclocks and performed off-the-clock work under Defendants' control such as getting ready for their shift or communicating with supervisors. Furthermore, after clocking out of their shifts, Plaintiff and **Hourly Employee Class** members were required to help Shift Team Leaders with various work-related tasks without a consistent protocol for time-adjustments. Finally, Plaintiff and **Hourly Employee Class** members were required to undergo physical examinations off-the-clock on the weekends for required Department of Transportation licensing. The forgoing and uncompensated working time was under the direction and control of Defendants, for which no wages were paid. Defendants had the forgoing policies and procedures in place with the ostensible intent of paying Plaintiff and **Hourly Employee Class** members only for the hours they were scheduled to work, rather than the hours they were actually under Defendants' control.

81.     Plaintiff and **Hourly Employee Class** members were consistently required to perform work, off-the-clock for which they were not paid wages. Specifically, Plaintiff and **Hourly Employee Class** members were systemically required to attend weekly training sessions, for which no wages were paid.  This uncompensated time caused Plaintiff and **Hourly Employee Class** members to work in excess of eight (8), ten (10), and twelve (12) hours a day and/or forty (40) hours a week, entitling Plaintiff and **Hourly Employee Class** members to minimum and overtime wages, which they were systemically denied.

82.     As an example, Plaintiff was required to undergo mandatory vaccinations on 10/10/2022.  Plaintiff worked in excess 40 hours week for the pay period beginning on 10/9/2022 and ending on 10/22/2022. As such, the uncompensated off-the-clock work, discussed above, including the mandatory vaccinations, all resulted in not only unpaid minimum wages, but unpaid overtime wages as well.

83.     As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

84.     Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

85.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seeks to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### RECOVERY OF REPORTING TIME PAY

### (Plaintiff and Reporting Time Pay Sub-Class)

86.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

87.     The IWC Wage Orders, require that reporting time pay be provided to any employee who is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work.

88.     Plaintiff is informed and believes and thereon alleges that all or substantially all the **Reporting Time Pay Sub-Class** are subject to Defendants' policies and practices requiring them to call in or otherwise show up to work but not being paid half said their usual or scheduled day's work.

89.     Therefore, **Reporting Time Pay Sub-Class** Members are owed the unpaid balance of said wages pursuant to the Wage order according to proof at trial, Interest pursuant to Labor Code §§ 218.6 and 1194(a), Civil Code §§ 3287 and § 3289, and reasonable attorneys' fees and costs and/or penalties pursuant to Labor Code § 558(a).

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY VACATION WAGES

### (Lab. Code § 227.3)

### (Plaintiff and Vacation Pay Class)

90.     Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

91.     California Labor Code section 227.3 provides:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

92.     At all relevant times during the applicable limitations period, Plaintiff and members of the **Vacation Pay Class** accrued vacation time, and/or paid time off, during their employment with Defendants.

93.     However, Defendants implemented a common policy and practice of failing to pay Plaintiff and **Vacation Pay Class** members for all accrued vacation wages upon separation of employment, in violation of Labor Code 227.3.

94.     By reason of the above, Plaintiff and the members of the **Vacation Pay Class** are entitled to restitution for all unpaid amounts due and owing to within four (4) years of the date of the filing of the original Complaint until the date of entry of judgment.

95.     Plaintiff, on behalf of herself and the members of the **Vacation Pay Class**, seeks interest thereon pursuant to California Labor Code section 218.6, costs pursuant to California Labor Code section 218.6, and reasonable attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiff and Wage Statement Penalties Sub-Class)

96.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

97.     Labor Code section 226(a) states:

*///*

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

98.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

99.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide Plaintiff and **Wage Statement Class** members with written wage statements as described above. Additionally, the wage statements issued to class members failed to account for the unpaid minimum wages, overtime, and premium pay wages described above.

///

19
SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

100.    Furthermore, Defendants failed to provide Plaintiff and **Wage Statement Class** Members with paper pay stubs as required by Labor Code § 226, applicable Wage Orders, and DLSE Opinion Letters. Plaintiff's and **Wage Statement Class** members' wage statements were only provided in electronic format in violation of Labor Code § 226.

101.    Defendants failed to comply with Labor Code section 226(a)(8) as the wage statements issues to Plaintiff and **Wage Statement Class** Members failed to state "the name and address of the legal entity that is the employer."

102.    Plaintiff is informed and believes that Defendants' failure to provide Plaintiff and **Wage Statement Class** members with accurate written wage statements was intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

103.    Plaintiff and **Wage Statement Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

104.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of herself and **Wage Statement Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

///

///

///

## SEVENTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

#### (Lab. Code §§ 201-203)

#### (Plaintiff and Waiting Time Penalties Sub-Class)

105.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

106.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

107.    At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

108.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages at the time of resignation.

109.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all their final wages in accordance with the Labor Code.

110.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

111.    Plaintiff is informed and believes, and thereupon alleges that Defendants' failure to timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members has been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

112.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their

1  final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

2      113.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

3  and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-**

4  **Class** members, seeks awards of reasonable attorneys' fees and costs.

5                          **EIGHTH CAUSE OF ACTION**

6                          **FAILURE TO INDEMNIFY**

7                          **(Lab. Code § 2802)**

8                  **(Plaintiff and Reimbursement Class)**

9      114.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

10  herein.

11      115.    Labor Code section 2802(a) states:

12          An employer shall indemnify his or her employee for all necessary
             expenditures or losses incurred by the employee in direct consequence
13          of the discharge of his or her duties, or of his or her obedience to the
             directions of the employer, even though unlawful, unless the employee,
14          at the time of obeying the directions, believed them to be unlawful.

15      116.    Plaintiff and **Expense Reimbursement Class** members were not reimbursed for

16  business expenses incurred in executing their duties under Defendant's employ. Specifically,

17  Plaintiffs and **Expense Reimbursement Class** members were required to use their personal cell-

18  phones for necessary work-related duties such as communicating with supervisors and co-workers

19  and navigating to work sites. Additionally, Plaintiff and **Expense Reimbursement Class** members

20  were required to purchase uniforms, such as medical scrubs, maintain their uniforms, and purchase

21  protective gear such as N-95 masks. Furthermore, Plaintiff and **Expense Reimbursement Class**

22  members were required to undergo examinations through the Department of Transportation, which

23  were necessary to perform certain work duties, and had to pay out of pocket for these examinations.

24  Defendants did not reimburse Plaintiff and **Expense Reimbursement Class** members for these

25  necessary work-related expenses.

26      117.    Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to

27  restitution for all unpaid amounts due and owing to within four (4) years of the date of the filing of

28  the Complaint and until the date of entry of judgment.

118.    Plaintiff, on behalf of herself, and **Expense Reimbursement Class** members, seeks interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

<u>**NINTH CAUSE OF ACTION**</u>

**FAILURE TO PAY WAGES DUE, NEGOTIABLE AND PAYABLE IN CASH ON DEMAND**

**(Lab. Code §§ 212 and 213)**

**(Plaintiff and Pay Card Class)**

119.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

120.    Labor Code § 212 states that no employer "shall issue in payment of wages due" by "order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state."

121.    Defendants failed to pay Plaintiff and **Pay Card Class** members with an order, check, draft, note, memorandum, or other acknowledgment of indebtedness that was payable on demand, without discount at some established place of business in the state. Defendants issued pay cards to Plaintiff and **Pay Card Class** members for wages earned. These pay cards were useable for a fee and did not have a provision for use and payment in California at no cost to the employee. Specifically, Plaintiff was charged a fee for using this company-issued pay card to access her wages owed. Therefore, Defendants failed to provide Plaintiff and **Pay Card Class** members with checks, drafts, notes or other acknowledgements of indebtedness that were payable on demand without discount as required by Labor Code § 212, which required Plaintiff and **Pay Card Class** members to incur fees to use, was not fully cashable, and not usable at all financial institutions.

122.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and **Pay Card Class** members in a civil action for damages and wages owed and for costs and attorneys' fees.

**TENTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq*.)**

**(Plaintiff and UCL Class)**

123.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

124.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

125.    Business and Professions Code sections 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

126.    California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

127.    Plaintiff and the **UCL Class** members re-allege and incorporate the FIRST, SECOND, THIRD, FOURTH, FIFTH, EIGHT, AND NINTH causes of action herein.

128.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

129.    Defendants have or may have acquired money by means of unfair competition.

130.    Plaintiff is informed and believes, and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 212, 213, 215, 216, 225, 226.6, 226.7, 227.3, 354, 408, 512, 510,  553, 1175, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, and 2802 as well as applicable Wage Orders, which make it a misdemeanor to commit the violations alleged herein.

131.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to: provide non-exempt employees with compliant meal and rest periods; pay for all hours worked at the proper rates of pay; provide vacation pay; reporting time pay; and reimbursement for necessary business expenditures.

132.    Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq*. Business and Professions Code section 17200 *et seq*. protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on behalf of similarly situated persons in a class action proceeding.

133.    As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

134.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

135.    Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

136.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive relief for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

137.    Accordingly, pursuant to Business and Professions Code sections 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Wage Orders.

138.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seeks an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

139.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of herself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

140.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

141.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of herself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

142.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## ELEVENTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698, *et seq.*)

143.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein. During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 210, 212, 213, 226, 226.3, 226.7, 227.3, 510, 512, 515, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2698, 2699, et seq., and 2802.

144.    Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

145.    Plaintiff, a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c). Plaintiff was employed by Defendants as a non-exempt

hourly employee in California. Aggrieved Employees include all non-exempt hourly employees of Defendants within the state of California from one year prior to the date of this letter and continuing through the present (Plaintiff and Aggrieved Employees are collectively referred to herein as "Aggrieved Employees")

146.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3. Notice was provided to the California Labor & Workforce Development Agency ("LWDA") and 65 days have elapsed without the LWDA providing Plaintiff with any notice of an intent to investigate.

147.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 210, 212, 213, 226, 226.3, 226.7, 227.3, 510, 512, 515, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2698, 2699, et seq., and 2802.

      i.      For violations of Labor Code §§ 201, 202, 203, 213, 212, 226.7, 227.3, 246 1174, 1194, 1198 and 2802, one hundred dollars ($100) for each employee per pay period for each initial violation and two hundred dollars ($200) for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

      ii.      For violations of Labor Code § 203, a penalty in an amount not exceeding thirty (30) days' pay as waiting time (penalties set by Labor Code § 256);

      iii.      For violations of Labor Code § 204, one hundred dollars ($100) for each employee for each initial violation that was neither willful nor intentional, two hundred dollars ($200) for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 210);

///

iv.     For violations of Labor Code § 223, one hundred dollars ($100) for each employee for each initial violation that was neither willful nor intentional, two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5);

v.      For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, two hundred and fifty dollars ($250) for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, one thousand dollars ($1,000) for each employee for each violation (penalties set by Labor Code § 226.3);

vi.     For violation of Labor Code §§ 510 and 512, fifty dollars ($50) for each employee for each initial pay period for which the employee was underpaid, and one hundred dollars ($100) for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558);

vii.    For violations of Labor Code § 1197, one hundred dollars ($100) for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional and two hundred and fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation of Labor Code § 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1);

viii.   Pursuant to Labor Code § 2699(g), Plaintiff seeks an award of reasonable attorneys' fees and costs in connection with Plaintiff's claims for civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

a.  An order that the action be certified as a class action;

b.  An order that Plaintiff be appointed class representative;

c.  An order that counsel for Plaintiff be appointed class counsel;

d.  Unpaid wages and overtime;

e.  Actual damages;

f.  Liquidated damages;

g.  Unreimbursed expenses;

h.  Restitution;

i.  Declaratory relief;

j.  Pre-judgment interest;

k.  Statutory penalties;

l.  Civil penalties;

m.  Costs of suit;

n.  Reasonable attorneys' fees; and

o.  Such other relief as the Court deems just and proper.

Dated:  October 23, 2025                      D.LAW, INC.


                                              */s/ David Keledjian*
                                              _____
                                              David Yeremian
                                              David Keledjian
                                              Elizabeth Harrier
                                              Attorneys for Plaintiff
                                              KIM J. MCELROY, and the putative class

1

## **DEMAND FOR JURY TRIAL**

2       Plaintiff, on behalf of herself, all other similarly situated, and the general public, hereby

3   demands a jury trial on all issues so triable.

4

5   Dated:  October 23, 2025                    D.LAW, INC.

6

7

8                                         */s/ David Keledjian*

9                                       David Yeremian
                                        David Keledjian
10                                      Elizabeth Harrier
                                        Attorneys for Plaintiff
11                                      KIM J. MCELROY, and the putative class

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT